IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                                No. 15-CR-02990-RB-GBW
                                                    No. 17-CV-00896-RB

NORMA PATRICIA RIVERA,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court on Defendant Norma Patricia Rivera's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody (Doc. 33[1]) and the United States' response (Doc. 32). Defendant's § 2255 motion was also docketed as a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c), because Defendant attached an "Application For Sentence Reduction Information Sheet In Support of Counsel's Motion pursuant to 18 U.S.C. § 3582(c)(2)(i)(ii)" to her § 2255 motion.[2] (Doc. 29.) Defendant asks the Court for a "1-4 year reduction in [her] sentence" under § 2255 and § 3582(c) because she has "utilized [her] time in prison to improve [her]self" by taking "drug classes, parenting as well as Basic Computer, Microsoft Word, power point" and Narcotics Anonymous. (Docs. 33 at 14; 29 at 14.) For the

---

[1] All CM/ECF docket entries refer to those in the criminal case, 15-CR-02990.
[2] The United States contends that "Defendant has not filed a motion pursuant to 18 U.S.C. § 3582" because Defendant's application for a sentence reduction under § 3582(c) was attached to her § 2255 motion. (Doc. 32 at 1 n.1.) The Court disagrees. Defendant appears to seek a reduction in her sentence under 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c) and, therefore, the Court will liberally construe Defendant's motion as both a § 2255 motion and a § 3582(c) motion. *See Castro v. United States*, 540 U.S. 375, 382 (2003) (noting that federal courts have the authority to "ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different category"); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

reasons explained below, Defendant's § 2255 motion will be dismissed with prejudice as time-barred under 28 U.S.C. § 2255(f)(1), Defendant's § 3582(c) motion will be dismissed without prejudice for lack of jurisdiction, a certificate of appealability will be denied, and judgment will be entered.

I. **BACKGROUND**

On August 19, 2015, Defendant was charged by Indictment with: (1) unlawfully, knowingly and intentionally distributing a controlled substance, 50 grams and more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); and (2) unlawfully, knowingly and intentionally possessing with intent to distribute a controlled substance, 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). (Doc. 13.) Defendant pleaded guilty to the crimes charged in the Indictment pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, in which the parties agreed to "a specific sentence of one hundred and twenty months." (Doc. 22 at 4.) The Court accepted Defendant's guilty plea and, consistent with the plea agreement, sentenced Defendant to "[a] term of 120 months" on each Count of the Indictment, said terms to run concurrently, for a total term of 120 months of imprisonment. (Doc. 28.) The Court rendered judgment on Defendant's convictions and sentences on May 26, 2016. (Doc. 28.) Defendant did not file a notice of appeal and, therefore, her convictions became final fourteen days later, on June 9, 2016. *See United States v. Prows*, 448 F.3d 1223, 1227–28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal."); Fed. R. App. P. 4(b)(1)(A) (providing that "a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . the

2

judgment").

On August 11, 2017, Defendant filed the present § 2255 motion seeking a "1–4 year reduction in [her] sentence." (Doc. 33.) With respect to the timeliness of her § 2255 motion, Defendant states that she "filed the paperwork as soon as [she] was informed of [her] eligibility." (*Id.* at 10.) Defendant's § 2255 motion does not provide any grounds for the requested relief, but attached to Defendant's motion is a form "Application For Sentence Reduction Information Sheet In Support of Counsel's Motion pursuant to 18 USC § 3582(c)(2)(i)(ii)," which provides as follows:

> I understand that the minimum mandatory made sense when it was [originally] put into law, it was there to try & prevent additional spread of drugs in our country. I believe in my actual case a slight reduction is warranted. I have utilized my time in Prison to improve myself. I've taken drug classes, parenting as well as Basic Computer, Microsoft Word, power point. I attend N.A. ect. [sic] I'm doing what I can to successfully Re enter my community, [atone] for my passed [sic] mistakes & rebuild my personal relationships. I beg this court for there [sic] consideration. I appreciate your time & attention.

(*Id.* at 14.)

On August 28, 2017, the United States filed its response to Defendant's § 2255 motion. The United States contends that Defendant has failed to provide sufficient facts to entitle her to relief under § 2255, and even if sufficient facts had been provided, Defendant's motion is time-barred by the one-year limitation period in § 2255(f)(1). (Doc. 32 at 3.) The United States further contends that "even if Defendant's good behavior while incarcerated was grounds for a reduction in her sentence, and her motion were not time-barred," this Court lacks jurisdiction to reduce Defendant's sentence below the "mandatory minimum sentence of 120 months incarceration for each of Defendant's crimes of conviction." (*Id.* at 4.)

3

## II. DISCUSSION

Although the Court commends Defendant on her successful completion of various prison programs and her post-sentencing efforts to "improve [her]self," (*see* Docs. 33 at 14; 29 at 14), the Court notes that it does "not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Both §§ 2255(a) and 3582(c) provide the Court with the requisite statutory authorization, in limited circumstances. *See id.* (noting that "[s]ection 2255 provides the necessary authority" to modify a previously imposed sentence); *see also United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) ("Section 3582(c) of Title 18 of the United States Code provides three avenues through which the court may 'modify a term of imprisonment once it has been imposed'") (quoting 18 U.S.C. § 3582(c)). Therefore, the Court will address whether Defendant is entitled to sentencing relief under §§ 2255(a) or 3582(c).

### A. *Defendant's § 2255 Motion Will Be Dismissed As Time-Barred*

There is a one-year limitation period on § 2255 motions, which begins to run, in relevant part, from the "date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1); *see also Clay v. United States*, 537 U.S. 522, 524 (2003) ("A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from 'the date on which the judgment of conviction becomes final.'"). Defendant's convictions became final on June 9, 2016, and the limitation period expired one-year later, on June 9, 2017. Defendant did not file the present § 2255 motion, however, until August 11, 2017—approximately two months after the expiration of the one-year limitation period. (Doc. 33.) Therefore, Defendant's § 2255 motion is time-barred under § 2255(f)(1).

The one-year limitation period in § 2255(f) is subject to equitable tolling, but "this equitable remedy is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). "[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Id.* (internal quotation marks and citation omitted). Defendant's alleged ignorance of her eligibility to file a § 2255 motion is insufficient, standing alone, to warrant equitable tolling of the one-year limitation period in § 2255(f)(1).

Even if the doctrine of equitable tolling was applicable to Defendant's § 2255 motion, Defendant nonetheless would not be entitled to relief. Under § 2255(a), a district court only is authorized to vacate, set aside, or correct a federal sentence if "the sentence was imposed in violation of the Constitution or laws of the United States," the "court was without jurisdiction to impose such sentence," or "the sentence was in excess of the maximum authorized by law." § 2255(a). Defendant alleges no such flaws in her sentence, nor does she allege that her original sentence was improper in any way. Instead, Defendant asks the Court to consider a reduction in her sentence in light of her post-sentencing conduct. Section 2255(a) does not permit the Court "to revisit the sentencing determination based on events that occurred after sentencing." *United States v. Anderson*, 133 F.3d 933, 1998 WL 8234, at *1–2 (10th Cir. Jan. 12, 1998) (holding that the district court cannot "take another look at [the defendant's] situation" based on post-sentencing conduct under § 2255). Therefore, even if Defendant's § 2255 motion was not time-barred, it nonetheless would be subject to dismissal.

B.  *Defendant's § 3582(c) Motion Will Be Dismissed For Lack Of Jurisdiction*

Unlike § 2255(a), § 3582(c) does permit "resentencing in the absence of error in the original sentence." *Id.* at * 2. The Court's authority to modify a sentence under § 3582(c) is limited to three circumstances:

> First, upon motion of the Director of the Bureau of Prisons, a court may reduce the term of imprisonment if it finds special circumstances exist. 18 U.S.C. § 3582(c)(1)(A)(i), (ii). Second, a court may modify a sentence if such modification is "otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *Id.* § 3582(c)(1)(B). Finally, a court may modify a sentence if 'a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2).

*United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997). None of these three circumstances are applicable to the present case: (1) the Director of the Bureau of Prisons has not moved to reduce Defendant's sentence; (2) Rule 35 of the Federal Rules of Criminal Procedure does not authorize the reduction in sentence that Defendant seeks; and (3) Defendant does not suggest that her sentencing range has been lowered by the Sentencing Commission. Therefore, the Court lacks jurisdiction to reduce Defendant's sentence under § 3582(c). *See United States v. Jones*, 515 F. App'x 783, 783 (10th Cir. May 31, 2013) (holding that the district court lacked jurisdiction to resentence Defendant under 18 U.S.C. § 3582(c) based on the defendant's "postsentencing rehabilitation efforts"); *United States v. Garcia-Emanuel*, 112 F. App'x 713, 715 (10th Cir. Oct. 20, 2004) ("Mr. Garcia-Emanuel's request for modification of his sentence based on post-sentence rehabilitation lacks merit, as it is not a factor considered for modification under 18 U.S.C. § 3582(c)") (unpublished). Accordingly, Defendant's § 3582(c) motion will be dismissed.

C.  *A Certificate of Appealability Will Be Denied*

When a district court enters a final order adverse to the applicant in a habeas proceeding,

the court "must issue or deny a certificate of appealability." Rule 11 of the Rules Governing Section 2255 Proceedings For the United States District Courts. To be entitled to a certificate of appealability, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Reasonable jurists could not debate this Court's conclusion that Defendant's § 2255 motion is time-barred and lacks merit and, therefore, a certificate of appealability will be denied.

## III. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody (Doc. 33) is **DISMISSED with prejudice** as time-barred; Defendant's motion to vacate her sentence under § 3582(c) (Doc. 29) is **DISMISSED without prejudice** for lack of jurisdiction; a certificate of appealability is DENIED; and judgment will be entered.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT COURT JUDGE**